UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

In Re:

Jeromie L. & Joneita L. Taylor,

Debtor(s).

Chapter 13
Case No.   19-11318-JDW

☐ Check if this is an
amended notice.

### Notice of Filing Chapter 13 Plan and Motions for Valuation and Lien Avoidance

The above-named Debtor(s) has filed a *Chapter 13 Plan and Motions for Valuation and Lien Avoidance* (the "Plan") with the Bankruptcy Court in the above-referenced case (see attachment).

Any objection to confirmation of the Plan or the motions contained therein shall be filed in writing with the Clerk of Court at 703 Hwy. 145 North, Aberdeen, MS 39730 on or before May 29, 2019. Copies of the objection must be served on the Trustee, US Trustee, Debtor(s), and Attorney for Debtor(s).

Objections to confirmation will be heard and confirmation determined on June 25, 2019, at 1:30 p.m., at the Oxford Federal Building, 911 Jackson Avenue, Oxford, MS 38655, unless the court orders otherwise. If no objection is timely filed, the Plan may be confirmed without a hearing

/s/ Jimmy E. McElroy          Dated:  April 1, 2019

Jimmy E. McElroy
Attorney for Debtor(s)
3780 S. Mendenhall
Memphis, Tennessee 38115
(901) 363-7283
Fax (901) 794-4335
mcelroylawms@hotmail.com

## CERTIFICATE OF SERVICE

I, Jimmy E. McElroy, attorney for Debtor(s), do hereby certify that by filing that attached Notice and Chapter 13 Plan, I have caused the following parties to be served electronically via ECF:

Locke D. Barkley, Chapter 13 Trustee
Office of the U.S. Trustee

I certify that on this day served a true and correct copy of the attached Notice and Chapter 13 Plan by U.S. mail, [1] postage prepaid, to the following creditor(s) listed in Sections 3.2 and/or 3.4 of the Plan pursuant to Fed. R. Bankr. P. 7404:

CT Corp. System, Title Max, 645 Lakeland E. Drive, #101, Flowood, MS 39232
CT Corp. System, Kays, 118 N. Congress St., Jackson, MS 39205

I further certify that I have this day served a true and correct copy of the Notice and Chapter Plan by U.S. mail, postage prepaid, to all other parties listed ion the attached master mailing list (matrix).

DATED: April 1, 2019

/s/ Jimmy E. McElroy
Attorney for Debtor(s)
3780 S. Mendenhall
Memphis, Tennessee 38115
(901) 363-7283
Fax (901) 794-4335

---

[1] If the creditor is an insured depository institution, service made by certified mail.

Label Matrix for local noticing
0537-1
Case 19-11318-JDW
Northern District of Mississippi
Aberdeen
Mon Apr 1 11:48:24 CDT 2019

Locke D. Barkley
6360 I-55 North
Suite 140
Jackson, MS 39211-2038

Victoxy Secret
P.O. Box 182789
Columbus, OH 43218-2789

Capital One
P.O. Box 30281
Salt Lake City, UT 84130-0281

Car Max
P.O. Box 440609
Kennesaw, GA 30160-9511

Comenity
P.O. Box 659728
San Antonio, TX 78265-9728

Conn's
P.O. Box 2356
Beaumont, TX 77704-2356

Credit One Bank
P.O. Box 98872
Las Vegas, NV 89193-8872

Desoto County Chancery Clerk
P.O. Box 949
Hernando, MS 38632-0949

Desoto County Tax Collector
365 Losher Street, #110
Hernando, MS 38632-2189

Family Medical Clinic
3451 Goodman Road #115
Southaven, MS 38672-9304

First Premier
3820 N. Louise Ave.
Sioux Falls, SD 57107-0145

First Premier Bank
P.O. Box 5529
Sioux Falls, SD 57117-5529

Genesis Credit Card
P.O. Box 4480
Beaverton, OR 97076-4480

IC Systems
P.O. Box 64378
Saint Paul, MN 55164-0378

Jared
P.O. Box 4485
Beaverton, OR 97076-4485

Kays
P.O. Box 4485
Beaverton, OR 97076-4485

Loan Care
3637 Sentara Way
Virginia Beach, VA 23452-4262

Macys
P.O. Box 8218
Mason, OH 45040-8218

Jimmy E. McElroy
3780 S. Mendenhall
Memphis, TN 38115-0886

Merrick Bank
P.O. Box 9201
Old Bethpage, NY 11804-9001

Methodist
P.O. Box 2279
Memphis, TN 38101-2279

Methodist
P.O. Box 734184
Dallas, TX 75373-4184

Midsouth Maternal Fetal Medicine
P.O. Box 770929
Memphis, TN 38177-0929

Natus Peloton
P.O. Box 3606
Carol Stream, IL 60132-3606

Orion Federal Credit Union
7845 Highway 64
Memphis, TN 38133-4007

PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541-1021

Pay Pal
P.O. Box 71202
Charlotte, NC 28272-1202

Professional Credit Management
P.O. Box 4037
Jonesboro, AR 72403-4037

Progressive Leasing
P.O. Box 413110
Salt Lake City, UT 84141-3110

Synchrony Bank
P.O. Box 960013
Orlando, FL 32896-0013

Synchrony Bank
P.O. Box 960061
Orlando, FL 32896-0061

Synchrony Bank/Lowes
P.O. Box 956005
Orlando, FL 32896-0001

Synchrony Bank/Amazon
P.O. Box 965015
Orlando, FL 32896-5015

Synchrony Bank/JCPenney
P.O. Box 965007
Orlando, FL 32896-5007

Synchrony Bank/Value City
P.O. Box 965036
Orlando, FL 32896-5036

Jeromie L. Taylor
5646 Pinetree Loop East
Southaven, MS 38672-8001

Joneita L. Taylor
5646 Pinetree Loop East
Southaven, MS 38672-8001

The Bureaus, Inc./Synchrony Bank
c/o PRA Receivables Management, LLC
P O Box 41021
Norfolk, VA 23541-1021

(p)TMX FINANCE LLC FORMERLY TITLEMAX
15 BULL STREET
SUITE 200
SAVANNAH GA 31401-2686

Tunica County DHS
P.O. Box 1098
Tunica, MS 38676-1098

Tunica County Healthcare
P.O. Box 789
Tunica, MS 38676-0789

U. S. Trustee
501 East Court Street, Suite 6-430
Jackson, MS 39201-5022

U.S. Attorney's Office/US Dept of Ed
900 Jefferson
Oxford, MS 38655-3608

U.S. Dept. of Education/GLELSI
2401 International
Madison, WI 53704-3121

Wakefield
P.O. Box 50250
Knoxville, TN 37950-0250

Wells Fargo
P.O. Box 14517
Des Moines, IA 50306-3517

Wells Fargo
P.O. Box 77053
Minneapolis, MN 55480-7753

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Title Max
15 Bull Street, #200
Savannah, GA 31401

End of Label Matrix
Mailable recipients    47
Bypassed recipients     0
Total                  47

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | Jeromie L. Taylor |
| | Full Name (First, Middle, Last) |
| Debtor 2 | Joneita L. Taylor |
| (Spouse, if filing) | Full Name (First, Middle, Last) |
| United States Bankruptcy Court for the | NORTHERN DISTRICT OF MISSISSIPPI |
| Case number: (If known) | 19-11318 |

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed.

# Chapter 13 Plan and Motions for Valuation and Lien Avoidance          12/17

## Part 1: Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable. The treatment of ALL secured and priority debts must be provided for in this plan.

In the following notice to creditors, you must check each box that applies

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I). The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

The plan does not allow claims. Creditors must file a proof of claim to be paid under any plan that may be confirmed.

The following matters may be of particular importance. Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☑ Included | ☐ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |

## Part 2: Plan Payments and Length of Plan

**2.1 Length of Plan.**

The plan period shall be for a period of __60__ months, not to be less than 36 months or less than 60 months for above median income debtor(s). If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2 Debtor(s) will make payments to the trustee as follows:**

Debtor shall pay __$500.00__ (☐ monthly, ☐ semi-monthly, ☑ weekly, or ☐ bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the debtor's employer at the following address:

MMC
P.O. Box 2569
Madison MS 39130-0000

APPENDIX D                                    Chapter 13 Plan                                    Page 1
Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                              Best Case Bankruptcy

Debtor    Jeromie L. Taylor    Case number
         Joneita L. Taylor

Joint Debtor shall pay __$1,000.00__ (☐ monthly, ☐ semi-monthly, ☐ weekly, or ☑ bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the joint debtor's employer at the following address:

> Regional One
> 877 Jefferson Ave.
> Memphis TN 38103-0000

**2.3    Income tax returns/refunds.**

*Check all that apply*

☑ Debtor(s) will retain any exempt income tax refunds received during the plan term.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all non-exempt income tax refunds received during the plan term.

☐ Debtor(s) will treat income refunds as follows:

**2.4 Additional payments.**
*Check one.*
☑ None. *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**Part 3:    Treatment of Secured Claims**

**3.1**    **Mortgages. (Except mortgages to be crammed down under 11 U.S.C. § 1322(c)(2) and identified in § 3.2 herein.).**

*Check all that apply.*
☐ None. *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.1(a)    Principal Residence Mortgages:** All long term secured debt which is to be maintained and cured under the plan pursuant to 11 U.S.C. § 1322(b)(5) shall be scheduled below. Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor, subject to the start date for the continuing monthly mortgage payment proposed herein.
☑

- Mtg pmts to  Loan Care
Beginning  June 2019    @    $1,750.00   Plan   X    Direct.    Includes escrow  Yes X  No

    Mtg arrears to    Loan Care             Through    May 2019            $7,000.00

**3.1(b)** ☐    **Non-Principal Residence Mortgages:** All long term secured debt which is to be maintained and cured under the plan pursuant to 11 U.S.C. § 1322(b)(5) shall be scheduled below. Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor, subject to the start date for the continuing monthly mortgage payment proposed herein.

Property  -NONE-
address:
Mtg pmts to
Beginning  month             @             Plan       Direct.    Includes escrow  Yes  No

Property -NONE-  Mtg arrears to             Through    month

**3.1(c)** ☐    **Mortgage claims to be paid in full over the plan term:** Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor.

Creditor:  -NONE-          Approx. amt. due:            Int. Rate*:

Property Address:
Principal Balance to be paid with interest at the rate above:
(as stated in Part 2 of the Mortgage Proof of Claim Attachment)
Portion of claim to be paid without interest: $
(Equal to Total Debt less Principal Balance)

Special claim for taxes/insurance: $            -NONE- /month, beginning    month .
(as stated in Part 4 of the Mortgage Proof of Claim Attachment)

                                   Mississippi Chapter 13 Plan                    Page 2

Debtor   Jeromie L. Taylor                                  Case number
         Joneita L. Taylor

* Unless otherwise ordered by the court, the interest rate shall be the current Till rate in this District
*Insert additional claims as needed.*

3.2   Motion for valuation of security, payment of fully secured claims, and modification of undersecured claims. *Check one.*

☐   **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
    *The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

☑   Pursuant to Bankruptcy Rule 3012, for purposes of 11 U.S.C. § 506(a) and § 1325(a)(5) and for purposes of determination of the amounts to be distributed to holders of secured claims, debtor(s) hereby move(s) the court to value the collateral described below at the lesser of any value set forth below or any value set forth in the proof of claim. Any objection to valuation shall be filed on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I).

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

| Name of creditor | Estimated amount of creditor's total claim # | Collateral | Value of collateral | Amount of secured claim | Interest rate* |
|---|---|---|---|---|---|
| Kays | $1,927.00 | wedding ring | $900.00 | $900.00 | 6.75% |

| Name of creditor | Estimated amount of creditor's total claim # | Collateral | Value of collateral | Amount of secured claim | Interest rate* |
|---|---|---|---|---|---|
| Title Max | $1,847.00 | 2007 Hundai Elantra 290,000 miles | $1,625.00 | $1,625.00 | 6.75% |

*Insert additional claims as needed.*

#For mobile homes and real estate identified in § 3.2: Special Claim for taxes/insurance:

| Name of creditor | Collateral | Amount per month | Beginning month |
|---|---|---|---|
| -NONE- | | | |

* Unless otherwise ordered by the court, the interest rate shall be the current Till rate in this District

For vehicles identified in § 3.2: The current mileage is _____

3.3   Secured claims excluded from 11 U.S.C. § 506.

*Check one.*
☐   **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
☑   The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling.

Mississippi Chapter 13 Plan                                                                 Page 3

Debtor    Jeromie L. Taylor    Case number
         Joneita L. Taylor

| Name of Creditor | Collateral | Amount of claim | Interest rate* |
|---|---|---|---|
| Car Max | 2018 GMC Acadia 17,000 miles | $42,000.00 | 6.75% |
| Conn's | living room set & bedroom set | $4,312.00 | 6.75% |
| Conn's | bedroom set & dinning room set | $7,500.00 | 6.75% |
| Jared | wedding ring | $5,888.00 | 6.75% |
| Orion Federal Credit Union | 2016 Chevy Malibu 30,000 miles | $22,600.00 | 6.75% |
| Orion Federal Credit Union | 2013 Nissan Altima | $10,300.00 | 6.75% |

*Unless otherwise ordered by the court, the interest rate shall be the current Till rate in this District.

*Insert additional claims as needed.*

3.4   Motion to avoid lien pursuant to 11 U.S.C. § 522.

*Check one.*
   ☑   **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

3.5   Surrender of collateral.

*Check one.*
   ☑   **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

**Part 4:    Treatment of Fees and Priority Claims**

4.1   General
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

4.2   Trustee's fees
Trustee's fees are governed by statute and may change during the course of the case.

4.3   Attorney's fees.

   ☑ No look fee: __3,600.00__

   Total attorney fee charged:    $3,600.00

   Attorney fee previously paid:    $34.00

   Attorney fee to be paid in plan per confirmation order:    $3,566.00

   ☐ Hourly fee: $_____ (Subject to approval of Fee Application.)

4.4   Priority claims other than attorney's fees and those treated in § 4.5.

*Check one.*
   ☑   **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

4.5   Domestic support obligations.

   ☐   **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

DUE TO:   Tunica County DHS
POST PETITION OBLIGATION: In the amount of $ $325.00 _____ per month beginning _____
To be paid ☐ direct, ☑ through payroll deduction, or ☐ through the plan.

PRE-PETITION ARREARAGE: In the amount of $  0.00 _____ through    0
which shall be paid in full over the plan term, unless stated otherwise: _____
To be paid ☐ direct, ☐ through payroll deduction, or ☐ through the plan.

| Debtor | Jeromie L. Taylor | Case number |
| | Joneita L. Taylor | |

*Insert additional claims as needed.*

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1** Nonpriority unsecured claims not separately classified.

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

- ☐ The sum of $
- ☐ ____% of the total amount of these claims, an estimated payment of $____
- ☑ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $0.00. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2** Other separately classified nonpriority unsecured claims (special claimants). *Check one.*

- ☑ None. If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

## Part 6: Executory Contracts and Unexpired Leases

**6.1** The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected. *Check one.*

- ☐ None. *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*
- ☑ Assumed items. Current installment payments will be disbursed either by the trustee or directly by the debtor(s), as specified below, subject to any contrary court order or rule. Arrearage payments will be disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor | Description of leased property or executory contract | Current installment payment | Amount of arrearage to be paid | Treatment of arrearage |
|---|---|---|---|---|
| Progressive Leasing | living room set | $150.00 | $0.00 | |
| | | Disbursed by:<br>☐ Trustee<br>☑ Debtor(s) | | |

*Insert additional contracts or leases as needed.*

## Part 7: Vesting of Property of the Estate

**7.1** Property of the estate will vest in the debtor(s) upon entry of discharge.

## Part 8: Nonstandard Plan Provisions

**8.1** Check "None" or List Nonstandard Plan Provisions
- ☑ None. *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

Upon the filing of a Notice of Postpetition Mortgage Fees, Expenses, and Charges, and absent any objection being filed within 30 days after the filing of said Notice, the Trustee is authorized to pay the amount contained in the Notice as a special claim over the remaining plan term and adjust the plan payment accordingly.

## Part 9: Signatures:

| Debtor | Jeromie L. Taylor | Case number |
|---|---|---|
|  | Joneita L. Taylor |  |

### 9.1 Signatures of Debtor(s) and Debtor(s)' Attorney

*The Debtor(s) and attorney for the Debtor(s), if any, must sign below. If the Debtor(s) do not have an attorney, the Debtor(s) must provide their complete address and telephone number.*

X  /s/ Jeromie L. Taylor
Jeromie L. Taylor
Signature of Debtor 1

Executed on  **March 27, 2019**

**5646 Pinetree Loop East**
Address
**Southaven MS 38672-0000**
City, State, and Zip Code

Telephone Number

X  /s/ Jimmy E. McElroy
Jimmy E. McElroy #2540
Signature of Attorney for Debtor(s)
**3780 S. Mendenhall**
**Memphis, TN 38115**
Address, City, State, and Zip Code
**901-363-7283**
Telephone Number
**mcelroylawms@hotmail.com**
Email Address

X  /s/ Joneita L. Taylor
Joneita L. Taylor
Signature of Debtor 2

Executed on  **March 27, 2019**

**5646 Pinetree Loop East**
Address
**Southaven MS 38672-0000**
City, State, and Zip Code

Telephone Number

Date  **March 27, 2019**

**#2540 MS**
MS Bar Number